**JING QING ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3482–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Karen Jaffe, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York; Varuni Nel-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

son, Zachary A. Cunha, Assistant United States Attorneys, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Jing Qing Zheng, through counsel, petitions for review of the June 2004 BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). Substantial evidence supports the IJ's finding that Zheng lacked credibility because of a significant inconsistency between Zheng's testimony and supporting documentation, and material omissions.

Zheng testified that he attended an underground church. The IJ accurately observed that this statement was inconsistent with a document reflecting that Zheng was a member of the government Christian church. The IJ reasonably discounted Zheng's explanation that his name had not been removed from the register. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stressing that a petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must show that the fact-finder would be compelled to credit his testimony).

Moreover, Zheng's testimony and asylum application reflected numerous omissions, the explanations for which were reasonably discounted by the IJ. *Id.* For example, Zheng stated in his application that he and other church members began to conduct meetings at home due to the intrusion by government officials at MaWei Church; but he failed to mention this reason during the hearing.

The IJ correctly observed that Zheng failed to present any evidence to establish past persecution, given that he had not testified to suffering any harm. *See Damko v. INS*, 430 F.3d 626, 637 (2d Cir.2005). In addition, because Zheng's asylum and withholding claims rested on evidence found to lack credibility, the IJ properly found that Zheng failed to establish that he had a well-founded fear of future persecution.

Finally, because Zheng failed to raise the issue of CAT relief in his brief before this Court, this issue has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Furthermore, Zheng failed to exhaust his administrative remedies with respect to this claim because he failed to raise it in his appeal before the BIA. *See Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004) (stressing that courts are generally required to strictly enforce statutory exhaustion requirements); *see also* 8 U.S.C. § 1252(d)(1) (providing that a court may review a final order of removal only if the alien has exhausted all available administrative remedies).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).